USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/02/2017

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TIME WARNER, INC.<br>SHAREHOLDER LITIGATION | Lead C.A. No. 1:17-cv-00399<br><br>CLASS ACTION |

## STIPULATION AND [PROPOSED] ORDER CLOSING CASE FOR ALL PURPOSES

WHEREAS, on October 22, 2016, Time Warner Inc. ("Time Warner" or the "Company") and AT&T, Inc. ("AT&T") announced that they had entered into an Agreement and Plan of Merger, dated as of October 22, 2016, among Time Warner, AT&T, and AT&T's wholly-owned subsidiaries West Merger Sub, Inc. ("Merger Sub") and West Merger Sub II, LLC, pursuant to which Merger Sub would acquire all of the outstanding shares of Time Warner in a stock-and-cash transaction valued at $107.50 per share (the "Proposed Transaction");

WHEREAS, on January 9, 2017, Time Warner filed a definitive proxy statement on Schedule 14A (the "Proxy") with the SEC, which set the stockholder vote date on the Proposed Transaction for February 15, 2017. Among other things, the Proxy (i) summarized the Merger Agreement, (ii) provided an account of the events leading up to the execution of the Merger Agreement, (iii) stated that the Time Warner's board of directors determined that the Proposed Transaction was in the best interests of Time Warner's stockholders and recommended the Proposed Transaction, and (iv) summarized the valuation analyses and fairness opinion by Allen & Company LLC ("Allen"), Citigroup Global Markets Inc. ("Citi"), and Morgan Stanley & Co. LLC ("Morgan Stanley"), the financial advisors to Time Warner;

WHEREAS, on January 19, 2017, plaintiff Richard Collura ("Plaintiff Collura") filed a purported class action lawsuit in the United States District Court for the Southern District of New York, on behalf of himself and other public stockholders of Time Warner, challenging the adequacy of the disclosures made in the Proxy, captioned: *Collura v. Time Warner, Inc., et al.*, Case No. 17-cv-00399 (the "Collura Action");

WHEREAS, on January 24, 2017, plaintiff Melvin Gross ("Plaintiff Gross") filed a purported class action lawsuit in the United States District Court for the Southern District of New York, on behalf of himself and other public stockholders of Time Warner, challenging the adequacy of the disclosures made in the Proxy, captioned: *Gross v. Time Warner, Inc., et al.*, Case No. 17-cv-00522 (the "Gross Action");

WHEREAS, on January 24, 2017, plaintiff Akiva Fruchter ("Plaintiff Fruchter") filed a purported class action lawsuit in the United States District Court for the Southern District of New York, on behalf of himself and other public stockholders of Time Warner, challenging the adequacy of the disclosures made in the Proxy, captioned: *Fruchter v. Time Warner, Inc., et al.*, Case No. 17-cv-00523 (the "Fruchter Action");

WHEREAS, the Collura, Gross, and Fruchter Actions alleged, among other things, that Defendants Time Warner, Jeffrey L. Bewkes, James L. Barksdale, William P. Barr, Robert C. Clark, Mathias Döpfner, Jessica P. Einhorn, Carlos M. Gutierrez, Fred Hassan, Paul D. Wachter, and Deborah C. Wright (collectively, the "Defendants") committed disclosure violations under Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 14a-9 promulgated thereunder;

WHEREAS, on February 3, 2017, the Court entered an order consolidating the Collura, Gross, and Fruchter Actions (collectively, the "Consolidated Actions");

WHEREAS, on February 3, 2017, Time Warner filed a Form 8-K with the SEC, supplementing the disclosures in the Proxy with certain additional information relating to the Proposed Transaction (the "Supplemental Disclosures");

WHEREAS, on February 15, 2017, the Time Warner stockholders met and voted to approve the Proposed Transaction;

WHEREAS, Plaintiffs agreed that, as a result of the filing of the Supplemental Disclosures, the disclosure claims related to the Proposed Transaction identified in the complaints in the Consolidated Actions have become moot;

WHEREAS, on February 17, 2017, the parties entered into and filed with the Court a Stipulation of Voluntary Dismissal Without Prejudice and Proceedings on Plaintiffs' Counsel's Anticipated Application for Attorneys' Fees and Expenses (the "Stipulation of Dismissal"), which was entered as "So Ordered" by the Court that same day; and

WHEREAS, after filing the Stipulation of Dismissal, the parties negotiated the terms of an agreed-upon payment of attorneys' fees and expenses, in the amount of $240,000 to be paid within ten (10) business days, thereby obviating the need for a fee application to be adjudicated by the Court;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned attorneys for the respective parties:

1. This matter is fully resolved and no further issues remain in dispute, and the case file should be closed for all purposes;

2. The Court should no longer retain jurisdiction over this matter.

Dated: March 1, 2017

_____
Michael B. Ershowsky
LEVI & KORSINSKY LLP
30 Broad Street, 24th Floor
New York, NY 10004
Tel.: (212) 363-7500
mershowsky@zlk.com

*Local Counsel for Plaintiff Collura*

_____ with permission MBE
Donald J. Enright
Elizabeth Tripodi
LEVI & KORSINSKY, LLP
1101 30th Street, N.W., Suite 115
Washington, DC 20007
Tel.: (202) 524-4290

*Counsel for Plaintiff Collura*

_____ with permission MBE
Richard A. Acocelli
WEISSLAW LLP
1500 Broadway, 16th Floor
New York, NY 10036
Tel.: (212) 682-3025

*Counsel for Plaintiff Fruchter*

_____ with permission MBE
Thomas J. McKenna
Gregory M. Egleston
GAINEY McKENNA & EGLESTON
440 Park Avenue South, 5th Floor
New York, NY 10016
Tel.: (212) 983-1300

*Counsel for Plaintiff Gross*

_____ with permission MBE
Robert H. Baron
CRAVATH, SWAINE & MOORE LLP
825 8th Avenue
New York, NY 10019
Tel.: (212) 474-1422
Fax: (415) 983-1200

*Attorney for Defendants Time Warner Inc., Jeffrey L. Bewkes, James L. Barksdale, William P. Barr, Robert C. Clark, Mathias Döpfner, Jessica P. Einhorn, Carlos M. Gutierrez, Fred Hassan, Paul D. Wachter, and Deborah C. Wright*

SO ORDERED this ___1st___ day of __March__, 2017

_____
Honorable Jesse M. Furman
United States District Court Judge

## CERTIFICATE OF SERVICE

I, Michael B. Ershowsky, hereby certify that a true and correct copy of the foregoing document was filed pursuant to the Court's Electronic Case Filing Rules and Instructions and will be electronically served on all counsel of record.

_____
Michael B. Ershowsky